### ABNER L. CUSHING *vs.* CHARLES ARNOLD & another.

An execution may be legally issued on a judgment, though an action on the judgment is pending.

When the real estate of an insolvent debtor is seized on execution, before the first publication of a messenger's notice that a warrant, under *St.* 1838, *c.* 163, has issued against such debtor's estate, the judgment creditor will hold the estate so seized, if the levy thereon be afterwards duly completed, though it be not completed until after such publication.

An application to the court for the exercise of the chancery powers conferred by *St.* 1838, *c.* 163, § 18, in cases arising under that statute, must be by bill, petition, or other proceeding in chancery: In a writ of entry brought by an assignee of an insolvent debtor to try the title to land set off on an execution against the debtor, the rights of the parties are to be determined upon strict principles of law.

WRIT OF ENTRY to recover three fourths of one undivided sixth part of a parcel of land and a dwelling-house situate in

Lyman Place, in Boston. The parties submitted the case to the court upon the following agreed statement of facts:

On the 21st of January 1842, Isaac Adams was seized of the demanded premises, in fee simple, subject to his mother's right of dower in the same; and on that day, the tenants, having an execution in their favor against said Isaac, put the same into the hands of an officer, about $9\frac{1}{4}$ o'clock, A. M. The officer forthwith proceeded to levy said execution on the demanded premises. On the 20th of January 1842, a suit was pending against said Isaac, which had been commenced against him by the present tenants, upon the judgment on which the aforesaid execution issued; and on that day, the counsel for said Isaac, by said Isaac's instructions, offered to the said tenants' counsel a certain sum, and informed him that said Isaac had requested him (said Isaac's counsel) to say, that unless the tenants' counsel accepted that proposition, said Isaac should take the benefit of the insolvent law forthwith, or on that day. The tenants' counsel replied, that said Isaac might do it as soon as he pleased. At a second interview of said counsel, the same proposition was made and declined; but it was proposed that the tenants' counsel should have until the next day, (January 21st,) at 10 o'clock, A. M. to consider the subject and give his answer. On the next day, when said Isaac's counsel called on the tenants' counsel for his answer, the latter told him that he had taken out an execution on the judgment that was sued, and had given it to an officer, who had levied on said Isaac's real estate; and that he should decline the offer.

Immediately before taking out said execution, the court of common pleas, in which the action on said judgment was pending, had, on motion of the present tenants' counsel, made an entry of "neither party" in said action. After the issuing of said execution, said court, on motion of said Isaac's counsel, changed the entry of "neither party" to that of "nonsuit." On the same day of the issuing of said execution, (January 21st,) but after 10 o'clock, A. M. said Isaac filed his petition, before a master in chancery, for the benefit of the

insolvent law, and thereupon a messenger's notice thereof was published, in the afternoon of the same day, in two daily newspapers, printed in Boston ; and such proceedings were subsequently had, that the present demandant was appointed assignee of said Isaac Adams ; and the said master in chancery, on the 22d of February 1842, by his deed of that date, assigned and conveyed to the demandant all the estate, real and personal, of said Isaac Adams, including all such estate of which said Isaac was seized or possessed, interested in or entitled to, on the 21st of January then last past.

By the return on the execution upon which the demanded premises were set off to the tenants, it appears that the officer seized said premises on the 21st of January 1842, "at nine o'clock and thirty minutes A. M. ; " that said Isaac Adams, though he had notice, and was requested by the officer, on said 21st of January, to choose an appraiser, refused and neglected to choose one ; that, on the same day, the officer appointed two appraisers, and the present tenants one ; that on the 22d of said January, the appraisers were sworn, and proceeded to appraise the demanded premises ; and that the officer, on the same day, gave seizin and possession to the present tenants.

Tenants to be defaulted, if the demandant, on these facts, is entitled to recover ; otherwise, demandant to be nonsuit.

The argument was had at the last March term.

*Cushing, pro se.*

*A. H. Fiske,* for the tenants.

DEWEY, J. It is contended that the levy under which the tenants claim is void and unavailing to them, because the execution under which it was made was illegally issued. The objection taken is, that a suit, brought to recover the debt due on this judgment, was pending in court at the time when the creditors took out their execution on the judgment. The fact relied upon is very questionable, as the record shows a discontinuance of that action before the issuing of the execution ; originally, by the entry of a nonsuit and default, and subsequently, by a correction of the record, and entering

a nonsuit merely; which entry may properly take effect as of the date of the former entry. But independently of this matter, and however that may be, the fact of the pendency of an action on this judgment is of no importance. If a year had not expired after the rendition of the judgment, it was competent for the creditor to take out an execution, notwithstanding the pendency of an action on such judgment. The execution would be valid, though the levy of it might operate to defeat a recovery in the action.

The second objection taken to the levy of the execution is, that it had not taken effect so as to divest the property of the debtor, before the institution of the proceedings in insolvency, and therefore the estate passed to the assignee. The extent of the right of the assignee under the deed of assignment, and to what period of time it attaches, are questions now very well settled. Such deed transfers all the property of the insolvent, as held at the time of the first publication by the messenger. *St.* 1838, *c.* 163, § 5. *Clarke* v. *Minot*, 4 Met. 346. It is admitted that the levy was commenced before the petition for proceedings in insolvency was filed, but it is said that it was not completed until after publication. But, as well by statute as by the decisions of this court, the levy of an execution is to take effect from the time of the seizure on execution. Rev. Sts. *c.* 73, § 22. *Heywood* v. *Hildreth*, 9 Mass. 393. *Waterhouse* v. *Waite*, 11 Mass. 210. It is then suggested that the provisions of the Rev. Sts. *c.* 73, § 22, are in conflict with the *St.* of 1838, *c.* 163, and that this latter statute has therefore operated to repeal the former. But we do not perceive any such conflict. The provisions of the latter statute only vest in the assignee all the rights of property of the debtor, as they exist at the time of the publication, and dissolve all attachments on mesne process, but do not dissolve any lien acquired by a seizure on execution.

The third objection taken to the levy is founded upon the provisions of *St.* 1841, *c.* 124, § 3, prohibiting the debtor from procuring his property to be attached, or seized on execution; and the demandant contends that, for this cause, the levy may

be avoided. If the effect of such agency of the debtor would, under the provisions of this statute, avoid a levy, as is contended by the demandant, yet it cannot avail here, because the fact of such agency is not admitted in the case agreed by the parties. If, however, this objection be waived, and we look at the evidence from which it is to be inferred, we see nothing to authorize us to believe that the levy of this execution was through the procuration of the debtor. Indeed every thing in the case leads to the contrary conclusion, and shows that the proceedings were, as respects the debtor, *in invitum.*

We are earnestly invoked by the demandant to give him relief under the chancery powers conferred upon this court by § 18 of *St.* 1838, *c.* 163; and these, it is urged, may and ought to be exercised, upon two grounds. 1st. Because the seizure and levy by the tenants were in violation of the great purposes and objects of the insolvent law, viz. the equal distribution of the assets of the insolvent debtor among all his creditors. 2d. Because the tenants availed themselves of an unfair advantage, in making this levy pending a negotiation for a compromise between the parties. In reference to these suggestions, it may be remarked, that an application to the chancery powers to be exercised by this court, under the statute of 1838, must be by bill, petition, or other proceeding in chancery. But the case before us is a writ of entry pending before a court of common law, and the rights of the litigant parties are to be determined upon strict principles of law; and whatever chancery powers we may possess, if called into exercise by the proper proceedings moved in chancery, they have no proper place in the present action, in which the pure legal question arises, which party has the better legal title to the demanded premises. We have not thought it necessary to consider whether there was any violation of good faith, in the making of this levy at the time and under the circumstances stated. We have looked at the case solely in reference to the question of legal title. That title is shown to be in the tenants, they having, as judgment

creditors, levied their execution upon the demanded premises, before the institution of the proceedings in insolvency; and the subsequent steps to perfect the levy being all duly taken by the judgment creditors, their title takes effect from the seizure on execution. This seizure gave the tenants a priority known and recognized by law, and which the legislature have not seen fit to vacate by any statute enactment. The assignee, therefore, acquired no title to the demanded premises by the deed of assignment from the master in chancery.

*Demandant nonsuit.*